## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FIX THE COURT,<br>1440 G St. NW, Ste. 800<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. NATIONAL ARCHIVES AND RECORDS<br>ADMINISTRATION,<br>700 Pennsylvania Avenue NW<br>Washington, DC 20408<br><br>*Defendant*. | Case No. 18-cv-1621 |

## COMPLAINT

1.      Plaintiff Fix the Court brings this action against the U.S. National Archives and Records Administration under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.      Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, Fix the Court is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from

continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.      Plaintiff Fix the Court is a national, non-partisan grassroots organization, created to take the Supreme Court to task for its lack of accountability and transparency and to push Chief Justice John Roberts and the court's associate justices to enact basic yet critical reforms to make the court more open and honest.

6.      Defendant the U.S. National Archives and Records Administration (NARA) is a department of the executive branch of the U.S. government headquartered in College Park, Maryland, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). NARA has possession, custody, and control of the records that Fix the Court seeks.

## STATEMENT OF FACTS

*The Kavanaugh Records Request*

7.      On April 4, 2018, Fix the Court submitted a FOIA request to NARA seeking copies of the following records of Independent Counsel Kenneth W. Starr relating to attorney Brett M. Kavanaugh:

- "Complaints regarding Mr. Kavanaugh received from within the [Office of Independent Counsel (OIC)] Department of Justice or from members of the public;

- Digital (e-mail), print or other correspondence and attachments involving Mr. Kavanaugh, including instances where he is merely carbon copied (CC'd);

- Performance reviews of Mr. Kavanaugh and [his] service with the OIC or Department of Justice; and

- Warnings or reprimands issued regarding Mr. Kavanaugh and [his] service with the OIC or Department of Justice."

8.     NARA assigned FOIA case tracking number 56806 to Fix the Court's request and on April 20, 2018, provided a list of boxes in NARA's possession containing records related to Mr. Kavanaugh, and directed Fix the Court to NARA's file manifests to identify more specific files potentially responsive to its request.

9.     Fix the Court responded on the same day, identifying eight boxes in their entirety and specified items within eleven additional boxes for responsiveness review and production.

10.     On May 14, 2018, Fix the Court requested a status update concerning its request.

11.     On May 22, 2018, NARA replied with a request for clarification concerning Fix the Court's April 20, 2018 correspondence, to which Fix the Court responded on the same day.

12.     On May 30, 2018, NARA provided a preliminary assessment, detailing further reviews NARA would have to perform with respect to the boxes and items identified by Fix the Court, as well as timeframes for each category of review.  With regard to most of the requested records, NARA informed Fix the Court that it would require several months to years to process the potentially responsive records. With regard to the other requested records, NARA informed Fix the Court that the specified item in one box was determined to be nonresponsive, and the specified item in another box did not exist.  As to the latter, NARA inquired as to whether the item number had been misidentified.

13.     On June 8, 2018, Fix the Court responded that this final item had in fact been misidentified, and provided the correct box and item number.

14.     On June 12, 2018, NARA provided an initial response to Fix the Court's request, identical in substance to its May 30, 2018 preliminary assessment, except adding that the box

and item number identified in Fix the Court's June 8, 2018 correction was determined to be nonresponsive.

*Exhaustion of Administrative Remedies*

15.     As of the date of this complaint, with the exception of its determination that two items in Fix the Court's request were nonresponsive, NARA has failed to (a) notify Fix the Court of any determination regarding its FOIA request, including the scope of any responsive records NARA intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

16.     Through NARA's failure to respond to Fix the Court's FOIA requests within the time period required by law, Fix the Court has constructively exhausted its administrative remedies and seeks immediate judicial review.

### COUNT I
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Search for Responsive Records**

17.     Fix the Court repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

18.     Fix the Court properly requested records within the possession, custody, and control of NARA.

19.     NARA is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

20.     NARA has failed to promptly review agency records for the purpose of locating those records which are responsive to Fix the Court's FOIA requests.

21.     NARA's failure to conduct an adequate search for responsive records violates FOIA.

22.     Plaintiff Fix the Court is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to Fix the Court's FOIA requests.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

23.     Fix the Court repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

24.     Fix the Court properly requested records within the possession, custody, and control of NARA.

25.     NARA is an agency subject to FOIA and must therefore release in response to a FOIA requests any non-exempt records and provide a lawful reason for withholding any materials.

26.     NARA is wrongfully withholding non-exempt agency records requested by Fix the Court by failing to produce non-exempt records responsive to its FOIA requests.

27.     NARA is wrongfully withholding non-exempt agency records requested by Fix the Court by failing to segregate exempt information in otherwise non-exempt records responsive to Fix the Court's FOIA requests.

28.     NARA's failure to provide all non-exempt responsive records violates FOIA.

29.     Plaintiff Fix the Court is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests

and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, Fix the Court respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Fix the Court's FOIA request;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Fix the Court's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Fix the Court's FOIA requests;

(4) Award Fix the Court the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant Fix the Court such other relief as the Court deems just and proper.

Dated: July 10, 2018                                    Respectfully submitted,

*/s/ Elizabeth France*
Elizabeth France
D.C. Bar No. 999851

*/s/ John E. Bies*
John E. Bies
D.C. Bar No. 483730

*/s/ Austin R. Evers*
Austin R. Evers

D.C. Bar No. 1006999

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5244
beth.france@americanoversight.org
john.bies@americanoversight.org
austin.evers@americanoversight.org

*Counsel for Plaintiff Fix the Court*