IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FIX THE COURT,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. NATIONAL ARCHIVES<br>AND RECORDS ADMINISTRATION,<br><br>    Defendant. | Civil Action No. 1:18-cv-1621 (TSC) |

## ANSWER

Defendant, the United States National Archives and Records Administration (NARA), by and through its undersigned counsel, hereby answers the unnumbered and numbered paragraphs of the Complaint filed by Plaintiff Fix the Court as follows:

1. Paragraph 1 consists of Plaintiff's characterization of this lawsuit, to which no response is required.

2. Paragraph 2 states a conclusion of law, to which no response is required.

3. Paragraph 3 states a conclusion of law, to which no response is required.

4. Paragraph 4 states a conclusion of law, to which no response is required.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 5.

6. The first sentence of paragraph 6 is admitted to the extent that NARA is headquartered in College Park, Maryland, and to the extent that NARA is an "agency" as defined in 5 U.S.C. § 552(f)(1).  The first sentence of paragraph 6 is denied to the extent that it asserts that NARA is a "department of the executive branch."  NARA is an "independent establishment in the executive branch."  44 U.S.C. § 2102.  The second sentence of paragraph 6 states

1

conclusions of law, to which no response is required.

7. Defendant admits that NARA received a FOIA request from Fix the Court dated April 4, 2018.  The remainder of paragraph 7 consists of Plaintiff's characterization of that FOIA request.  Defendant denies any characterization of the FOIA request, which speaks for itself, and respectfully refers the Court to that request for a complete and accurate statement of its contents.

8. Paragraph 8 is admitted.

9. Paragraph 9 is admitted.

10. Paragraph 10 is admitted.

11. Paragraph 11 is admitted.

12. Defendant admits that NARA sent an email to Plaintiff concerning its FOIA request on May 30, 2018.  The remainder of paragraph 12 consists of Plaintiff's characterization of that email.  Defendant denies any characterization of the email, which speaks for itself, and respectfully refers the Court to the email for a complete and accurate statement of its contents.

13. Paragraph 13 is admitted.

14. Defendant admits that NARA sent a letter to Plaintiff on June 12, 2018.  The remainder of paragraph 14 consists of Plaintiff's characterization of that letter.  Defendant denies any characterization of the letter, which speaks for itself, and respectfully refers the Court to the letter for a complete and accurate statement of its contents.

15. As discussed in paragraph 14, NARA sent a letter to Plaintiff on June 12, 2018.  Paragraph 15 consists of conclusions of law—to which no response is required—and characterizations of NARA's June 12, 2018 letter.  Defendant denies any characterization of the letter, which speaks for itself, and respectfully refers the Court to the letter for a complete and

accurate statement of its contents. Defendant admits that, as of the filing of the Complaint, NARA had yet to produce any records to Plaintiff in response to its request.

16. Paragraph 16 states a conclusion of law, to which no response is required.

17. Defendant incorporates by reference its answers to paragraphs 1 through 16 of the Complaint.

18. Paragraph 18 states a conclusion of law, to which no response is required.

19. Paragraph 19 states a conclusion of law, to which no response is required.

20. Paragraph 20 states a conclusion of law, to which no response is required.

21. Paragraph 21 states a conclusion of law, to which no response is required.

22. Paragraph 22 states a conclusion of law, to which no response is required.

23. Defendant incorporates by reference its answers to paragraphs 1 through 22 of the Complaint.

24. Paragraph 24 states a conclusion of law, to which no response is required.

25. Paragraph 25 states a conclusion of law, to which no response is required.

26. Paragraph 26 states a conclusion of law, to which no response is required.

27. Paragraph 27 states a conclusion of law, to which no response is required.

28. Paragraph 28 states a conclusion of law, to which no response is required.

29. Paragraph 29 states a conclusion of law, to which no response is required.

The remaining paragraphs of the Complaint constitute a request for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief at all.

Defendant hereby denies all allegations in Plaintiff's Complaint not expressly admitted or denied herein.

## **DEFENSES**

Plaintiff is not entitled compel production of any records exempt from disclosure by one or more exemptions enumerated in the FOIA, 5 U.S.C. § 552.

Dated: August 13, 2018　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　CHAD A. READLER
　　　　　　　　　　　　　　　　　　　　Acting Assistant Attorney General

　　　　　　　　　　　　　　　　　　　　ELIZABETH J. SHAPIRO
　　　　　　　　　　　　　　　　　　　　Deputy Director

　　　　　　　　　　　　　　　　　　　　/s/ Rebecca M. Kopplin
　　　　　　　　　　　　　　　　　　　　REBECCA M. KOPPLIN
　　　　　　　　　　　　　　　　　　　　Trial Attorney (California Bar No. 313970)
　　　　　　　　　　　　　　　　　　　　United States Department of Justice
　　　　　　　　　　　　　　　　　　　　Civil Division, Federal Programs Branch
　　　　　　　　　　　　　　　　　　　　20 Mass. Ave. NW
　　　　　　　　　　　　　　　　　　　　Washington, D.C.  20001
　　　　　　　　　　　　　　　　　　　　Telephone:  (202) 514-3953
　　　　　　　　　　　　　　　　　　　　Facsimile:  (202) 616-8202
　　　　　　　　　　　　　　　　　　　　Email: Rebecca.M.Kopplin@usdoj.gov

　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant*